**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodney Eugene Hardy, | No. CV-18-02494-PHX-JJT |
| Petitioner, | <u>DEATH PENALTY CASE</u> |
| v. | **ORDER** |
| David Shinn, *et al.*, | |
| Respondents. | |

Petitioner Rodney Hardy is an Arizona inmate who was sentenced to death after being convicted of two counts of first-degree murder for the shooting deaths of his wife and her lover, Don Stanciel.

The Court appointed the Federal Public Defender for the District of Arizona to represent Hardy on August 24, 2018. (*See* Docs. 5, 6.) Hardy filed his habeas petition on July 12, 2019. (Doc. 22.) Respondents filed their answer on March 16, 2020, and Hardy filed his reply on July 17, 2020. (Docs. 35, 39.)

On January 25, 2021, Hardy filed a Notice of Request for Evidentiary Development (Doc. 44.) Respondents filed their response on February 24, 2021, and Hardy filed his reply on March 17, 2021. (Docs. 49, 52.) On April 12, 2022, he filed a supplement to his Notice. (Doc. 60.)

Before the Court is Respondents' motion to strike or deny the supplemental Notice. (Doc. 61.) Hardy, in responding to the motion, also asks the Court to strike the supplement

as it failed to comport with the Court's procedural rules. (Doc. 62.) Accordingly, the Court will order the supplement (Doc. 60) stricken.

Also before the Court is Hardy's motion to amend/correct his Notice of Request for Evidentiary Development (Doc. 63), which, Respondents concede, complies with applicable rules (Doc. 62 at 3). Hardy seeks to add three exhibits he obtained after his first Notice was filed. (Doc. 63-11, Ex's 118–20.) The exhibits are two declarations, both prepared in 2021, from Robert McDaniel, who describes Stanciel's violent nature, and John Aikens, an inmate whom Hardy saved from suicide and "took under his wing," and a police report describing Stanciel's involvement in a murder, which habeas counsel first requested in 2019 but which was not released until November 2021.

Federal Rule of Civil Procedure 15(a) allows a petitioner to amend a filing by leave of the court at any time before trial—and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding whether to permit amendment courts consider the following factors: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party is the most important. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Respondents oppose the amendment, but solely on the grounds that Hardy delayed in obtaining the new evidence. (Doc. 64 at 3–6.) However, "delay alone is not sufficient to justify the denial of a motion requesting leave to amend," *DCD*, 833 F.2d at 187, and the Court finds no evidence of bad faith or prejudice to Respondents. Moreover, Hardy has suggested plausible explanations for the delay in obtaining the evidence, including the need to review the record and investigate potential claims to determine what evidence would be relevant, as well as restrictions on in-person prison visits resulting from the COVID pandemic. (Doc. 65 at 1–2.)

Under these circumstances, where there is no prejudice to Respondents, the policy in favor of allowing amendment controls.

Accordingly,

**IT IS HEREBY ORDERED granting** Respondents' motion to strike or deny the supplemental notice. (Doc. 61.) The Supplement to Notice of Request for Evidentiary Development (Doc. 60) is stricken.

**IT IS FURTHER ORDERED granting** Hardy's motion to amend/correct. (Doc. 63.) The Clerk of Court is directed to file Hardy's Amended Notice of Request for Evidentiary Development. (Doc. 63-1.)

**IT IS FURTHER ORDERED** that Respondents may file a response to the amended Notice no later than July 6, 2022. Hardy may file a reply to the response no later than July 21, 2022.

Dated this 6th day of June, 2022.

Honorable John J. Tuchi
United States District Judge